**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

————————————

No. 25-10509
Non-Argument Calendar

————————————

WILLIAM S. SCOTT,

*Plaintiff-Appellant,*

*versus*

COMMISSIONER OF INTERNAL REVENUE SERVICE,

*Defendant-Appellee.*

————————————

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:24-cv-24123-CMA

————————————

Before ROSENBAUM, GRANT, and BRASHER, Circuit Judges.

PER CURIAM:

William Scott, proceeding pro se, appeals the district court's dismissal of his complaint for lack of subject matter jurisdiction. Scott argues that the court had jurisdiction over his appeal from the

Internal Revenue Service's denial of his whistleblower award application. He also argues that the district court judge's failure to recuse herself necessitates reversal. We affirm.

## I.

This case arises from the IRS's denial of an award for a whistleblower claim. Scott submitted a Form 211 application for a whistleblower award. Under 26 U.S.C. § 7623(b), where the IRS acts based on a whistleblower's information, the whistleblower will receive between fifteen and thirty percent of the amount collected as a result of the action.

The IRS denied Scott's claim. According to its letter, Scott was ineligible for an award because the information he provided did not result in the collection of any proceeds. Scott subsequently sued the Commissioner of the IRS, seeking an injunction directing the IRS to investigate his application for a whistleblower award. He framed his case as arising under the Administrative Procedure Act.

The district court dismissed his complaint for lack of subject matter jurisdiction. Citing this Court's decision in *Stone v. Commissioner*, it held that it lacked jurisdiction because Scott's suit was barred by sovereign immunity. 86 F.4th 1320 (11th Cir. 2023). Although the APA provides a waiver of sovereign immunity, this waiver does not apply where the agency's action is committed to discretion by law. 5 U.S.C. § 701. In *Stone*, we held that the IRS's decision whether to act on a whistleblower's information is committed to its discretion by law. 86 F.4th at 1328-29. Accordingly, the district court held that sovereign immunity barred Scott's suit.

Scott timely appealed. While his appeal was pending, he filed a renewed motion for remand "based on new evidence from the 2026 release of the Epstein documents."

## II.

We review a district court's dismissal for lack of subject matter jurisdiction *de novo*. *Barbour v. Haley*, 471 F.3d 1222, 1225 (11th Cir. 2006). We review a district court judge's decision not to recuse herself for abuse of discretion. *Jenkins v. Anton*, 922 F.3d 1257, 1271 (11th Cir. 2019).

## III.

Scott argues that the district court erred in dismissing his complaint for three reasons. First, he argues that the district court had jurisdiction because of the APA's waiver of sovereign immunity. *See* 5 U.S.C. § 702. Second, he argues that the IRS's denial of his claim was arbitrary and capricious under the APA. *See id.* § 706. Third, he maintains that the district court judge should have recused herself because of alleged "systemic bias" in the federal judicial system. We disagree.

First, the district court correctly held that it lacked subject matter jurisdiction over Scott's claim. Scott seeks to compel the IRS to institute enforcement proceedings against an allegedly offending taxpayer. Although Scott is correct that the APA provides a general waiver of sovereign immunity, judicial review under the APA is inappropriate when "agency action is committed to agency discretion by law." *Id.* § 701(a)(2). We have expressly held that the IRS's

decision to not take enforcement actions pursuant to a whistle-blower claim is a matter "committed to agency discretion by law" under section 701(a)(2). *Stone*, 86 F.4th at 1331. Scott does not attempt to distinguish *Stone* on this point. We are therefore bound by Eleventh Circuit precedent to affirm the dismissal of his complaint. Given our resolution, we do not address his substantive argument that the IRS's denial of his claim violated the APA. Scott's renewed motion for remand, which concerns only the merits of his whistleblower claim, is likewise denied.

Second, Scott argues that the district court judge should have recused herself. As evidence, he cites an "extra-judicial dismissal pattern reflect[ing] a systemic bias across Federal courts." But we have held that a party must demonstrate that the alleged bias "is personal as opposed to judicial in nature." *Jaffree v. Wallace*, 837 F.2d 1461, 1465 (11th Cir. 1988) (citation omitted). "Thus, appellants must show more than a disagreement with the judge's judicial philosophy: they must point out personal, extrajudicial bias." *Id.* Because Scott has offered no evidence of a personal bias on the part of the district court judge, he has not met his burden of showing an abuse of discretion. *Jenkins*, 922 F.3d at 1271.

## IV.

**AFFIRMED**.